IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL G. NEWAGO,

                Plaintiff,

  v.

DEPARTMENT OF CORRECTIONS, DR. LIU,
HSU MANAGER MAASSEN, RN KRISTINE PRALLE,
SGT. MITCHELL KUNHART, SGT. MCCLIMANS,
and C.O. ANDREW HELLAND,

                Defendant.

OPINION and ORDER

19-cv-757-jdp

---

Pro se plaintiff Michael Newago filed this civil action under 42 U.S.C. § 1983, contending that prison staff at Jackson Correctional Institution violated his rights under the Eighth Amendment and Wisconsin negligence law by failing to provide him with prompt medical treatment for various medical problems. He also contends that prison staff violated his rights under the Rehabilitation Act by refusing to accommodate his disabilities so that he may participate in prison activities. Newago has paid the filing fee, so his complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether his complaint should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because Newago seeks monetary relief from a defendant who is immune from such relief.

I cannot conduct the required screening because Newago's complaint violates Rule 20 of the Federal Rules of Civil Procedure. Rule 20 prohibits litigants from bringing unrelated claims against different defendants in a single action. As discussed below, Newago's complaint contains two separate lawsuits. I will give Newago an opportunity to choose which claim he wishes to pursue in this case, which claim he wants to pursue in a different case, or which claim he wishes to dismiss without prejudice to refiling it at a later date.

ANALYSIS

Under Rule 20 of the Federal Rules of Civil Procedure, a lawsuit may be severed when it includes unrelated claims against different defendants. *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Lit.*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991). And even when the claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to bring multiple claims against many different defendants in a single case. *Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) (court may sever claims under Fed. R. Civ. P. 21 when differences between the claims predominate over common questions); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004) (court has inherent authority to sever claims in interest of justice even when standard under Rule 21 is not satisfied).

All of Newago's allegations are about prison staff's failure to treat or accommodate his medical problems. But Newago's complaint includes two distinct claims concerning the denial of medical care for different ailments. First, he alleges that correctional staff disregarded his need for medical care when he was vomiting blood in March 2019. Second, he contends that health services staff has denied him adequate medical care and accommodations for his chronic hip pain. There is no factual overlap between the claims. Although Newago names Nurse Kristine Pralle as a defendant for both claims, this is not enough to justify bringing both claims in the same lawsuit. The claims arise from distinct incidents that occurred at different times and involved different primary decisionmakers. Therefore, I conclude that Newago's claims should be severed into two lawsuits under Rule 20, Rule 21, and the court's inherent authority. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("[The federal] rules are broad,

giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes."). Those lawsuits are:

> (1) Newago's claim that he was denied prompt medical treatment when he was vomiting blood in March 2019, in violation of the Eighth Amendment and Wisconsin negligence law.
>
> (2) Newago's claim that he has been denied adequate medical treatment and accommodations for his chronic hip pain, in violation of the Eighth Amendment, Rehabilitation Act, and Wisconsin negligence law.

Under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), I may apply Newago's filing fee to only one of the two lawsuits I have identified above. Newago will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number. As for the other lawsuit, Newago has to make a choice. One option for Newago is to pursue the other lawsuit separately. If Newago chooses this option, he will be required to pay a separate filing fee for the other lawsuit. In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) if his lawsuit is dismissed for failure to state a claim upon which relief may be granted or for one of the other reasons listed in § 1915(g). As Newago may be aware, once a prisoner receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Newago may choose to dismiss his other lawsuit voluntarily. If he chooses that route, he will not owe an additional filing fee or face a strike for the lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, which means that Newago would be able to bring it at another time, so long as he files it before the statute of limitations has run. (In Wisconsin, the statute of limitations for a claim brought under 42 U.S.C. § 1983 is six years. *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010). His state-law claims may have different statutes of limitations.)

Because it is not clear at this time which of Newago's two lawsuits he will pursue, I have not assessed the merits of the claims raised in either of the lawsuits identified above or determined whether they provide fair notice of his claims, as required by Rule 8 of the Federal Rules of Civil Procedure. Once Newago identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915A. Because Newago faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Newago disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the two lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to prosecute them.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael G. Newago may have until December 17, 2019 to identify for the court whether he wishes to proceed with lawsuit (1) or (2) under the case number assigned to this case. Newago must pick one and only one of these lawsuits to proceed under case no. 19-cv-757-jdp.

2. Also by December 17, Newago is to tell the court whether he wishes to pursue his other lawsuit under a separate case number, or whether he will dismiss it voluntarily.

3. If Newago chooses to dismiss his other lawsuit voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims at a later date, so long as he complies with the statute of limitations.

4. If Newago chooses to pursue his other lawsuit under a separate case number, he will

owe a separate filing fee.

5. Once Newago chooses which lawsuits he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If Newago fails to respond to this order by December 19, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

Entered December 3, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge