IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL G. NEWAGO,

                Plaintiff,

v.                                                                                                        OPINION and ORDER

WISCONSIN DEPARTMENT OF CORRECTIONS,                      19-cv-757-jdp
DR. LIU, HSU MANAGER MAASSEN,
and RN KRISTINE PRALLE,

                Defendant.

---

    Pro se plaintiff Michael G. Newago is proceeding on claims that prison staff at Jackson Correctional Institution are failing to provide him adequate medical care and reasonable accommodations for his hip pain. Newago has filed a motion for a temporary restraining order or preliminary injunction, seeking an order requiring prison staff to provide him with effective pain medication and to send him to an orthopedic specialist and a physical therapist. Dkt. 23. Newago says that he has needed hip surgery for eight years, that his hip pain makes it impossible for him to perform daily tasks such as bending, showering, and changing his clothes, that he has fallen several times, and that he has only Tylenol, which is ineffective at treating his pain.

    Preliminary injunctive relief is an "extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To prevail on a motion for a preliminary injunction, Newago must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). I will deny Newago's motion because he has failed to show a likelihood

of success on the merits of his claims. Newago has not submitted evidence showing that defendants' treatment of him has been constitutionally deficient or in violation of the ADA.

Plaintiff's allegations were sufficient to pass the screening stage, but his submissions fall far short of showing that he needs the extraordinary relief that he seeks. In support of his motion for preliminary injunctive relief, Newago submitted only his own declaration describing his hip pain and some of the medical treatment that he has received. His declaration is not detailed enough to show a likelihood of success on his claims. He has not described in detail the nature of his hip problems or the care that he has received and by whom. He also has not submitted any evidence in the form of medical records to substantiate his claims. To show a likelihood of success on his Eighth Amendment and ADA claims, plaintiff would need to submit evidence showing the harm he has suffered and continues to suffer, the efforts he has made to obtain medical care, including dates and the nature of his requests for relief, how defendants have responded, and why Newago thinks that he needs the specific relief he is requesting. Unless Newago submits such evidence, I will not consider granting preliminary injunctive relief.

In addition, if Newago chooses to renew his request for preliminary injunctive relief, he must follow this court's procedures for obtaining preliminary injunctive relief. Under these procedures, a plaintiff must file and serve proposed findings of fact that support the plaintiff's claims, along with evidence that supports those proposed findings. I will attach a copy of the court's procedures to this order.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael G. Newago's motion for a temporary restraining order or preliminary injunction, Dkt. 23, is DENIED.

2. The clerk of court is directed to provide Newago with a copy of this court's procedures for obtaining injunctive relief.

Entered June 1, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge