IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL G. NEWAGO,

                Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
DR. LIU, HSU MANAGER MAASSEN,
and RN KRISTINE PRALLE,

                Defendant.

ORDER

19-cv-757-jdp

---

Pro se plaintiff Michael G. Newago is proceeding on claims that prison staff at Jackson Correctional Institution are failing to provide him adequate medical care and reasonable accommodations for his hip pain. The court stayed the case to recruit counsel to represent Newago. Now attorneys Deborah Machalow and Mark Hancock of the law firm Godfrey & Kahn, S.C. have volunteered. Machalow and Hancock have taken the case with the understanding that they will serve with no guarantee of compensation for their services.

It is the court's intention that the scope of representation extends to proceedings in this court only. "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a notice of appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit. The court also intends that the scope of representation be limited to litigating Newago's current claims. It is unnecessary for counsel to file an amended complaint. If counsel believes that they need to file an amended complaint, they will have to meet the requirements of Fed. R. Civ. P. 15.

Newago should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with

counsel and permit counsel to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Newago does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them. If Newago decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit another lawyer to represent him.

If the parties believe that mediation could help resolve their disputes, they may contact the clerk of court, Peter Oppeneer, for assistance.

ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in this lawsuit.

Entered December 14, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge